No. 3444

Second Circuit

DEWIL v. UNION INDEMNITY CO. ET AL.

(March 12, 1929. Opinion and Decree.)

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellee.

S. R. Thomas, of Natchitoches, attorney for defendants, appellants.

WEBB, J. Hankins Brothers entered into a contract with the Police Jury of Natchitoches Parish and the Louisiana Highway Commission for the construction of a highway in Natchitoches Parish, and executed a bond for the faithful performance of the work and payment of claims, with the Union Indemnity Company as surety, as required by Act No. 224 of 1918, and the contractor sublet a part of the work to F. M. Dewil, who brought this action against the contractor and the surety on their bond to recover judgment against them for seventeen hundred fifty-six and 18-100 dollars, an alleged balance due him for work done under his subcontract.

On trial, judgment was rendered in favor of plaintiff against the defendants in solido for the sum of one thousand thirty-four and 60-100 dollars, with interest, from which they appeal, and plaintiff has answered the appeal, praying that the judg-

ment be amended so as to increase the amount to that originally demanded.

It is conceded that the contract was let on a unit basis, or at a certain rate per measure for the various parts of the work, such as clearing right of way, excavation, fills, etc., and that the subcontract was on the same basis, and plaintiff having attached to his petition an itemized statement showing the quantity or aggregate measure of the work done and the price, which was a factor in fixing the balance claimed, appellants contend that the proof should have been restricted to the quantity or measure shown on the statement, and that the court in arriving at its conclusion as to the balance due, was in error in considering evidence showing the quantity or measure of work done to have been in excess of that shown on the statement annexed to the petition, and they further urge that the court, in recasting the account between plaintiff and Hankins Brothers, had given plaintiff credit for items which were not proven.

Considering the matter of variance between the pleadings and the proof, which appears to be the question raised by the appellants, we are of the opinion that it would have been sufficient for plaintiff to have alleged the amount or balance due him under the contract, as the defendants had knowledge of the contract and the work called for by the specifications, and could not have been surprised by evidence offered to show the work done, and the fact that the statement of the account between the parties specified the quantity or measure of work done should not prevent plaintiff from showing that an additional quantity or measure of work was done, so long as such evidence would not increase the balance claimed to be due, and the judgment is restricted to or within

the balance claimed to be due, defendants cannot complain.

Plaintiff did not keep any books or memoranda of the work done by him or of payments made, but relied upon the account kept by Hankins Brothers, and the account filed by the plaintiff showing the balance claimed to be due him by Hankins Brothers was made up by a former bookkeeper of Hankins Brothers, from data obtained from the books of Hankins Brothers, statements of plaintiff and data obtained from the field notes of the resident engineer of the Louisiana Highway Commission, who was in charge of the work undertaken by Hankins Brothers. The account as thus made up was not accepted by the court as the basis of its judgment, but the account was recast by the court, which accepted as correct charges shown on the books of Hankins Brothers against plaintiff aggregating six thousand eight hundred thirty-three and 34-100 dollars, and allowing plaintiff credit for six thousand eighty-seven and 40-100 dollars, an amount shown by the engineer to have been due plaintiff for excavation, fills, etc., and further credits for use of teams, amounting to two hundred ten dollars, hauling gravel and water, fifty-one dollars, work done on force account, of seventy-five dollars and five hundred sixty-nine and 26-100 dollars, ditching, one hundred eighty dollars, hauling lumber, ten dollars, aggregating one thousand ninety-five and 26-100 dollars, and further credits, as shown by the books of Hankins Brothers, for dynamite returned, one hundred four dollars, merchandise returned, thirty-three and 50-100 dollars, duplicate check, one hundred sixty-six and 50-100 dollars, and a credit for four hundred eleven and 28-100 dollars, aggregating seven hundred five and 28-100 dollars, or a total credit of seven thousand eight hundred ninety-seven and 94-100 dollars,

leaving a balance due plaintiff of one thousand sixty-four and 60-100 dollars.

The balance thus obtained is less than shown by the books of Hankins Brothers, and insofar as Hankins Brothers are concerned it may be that they should not complain of a judgment against them for an amount less than their books show was due; however, the surety company, which is the real party at interest, it being shown that Hankins Brothers had defaulted on their contract, is not bound by the books of Hankins Brothers when they admit an indebtedness, as it is not bound to pay the debts of Hankins Brothers, but under a liberal interpretation of the bond it is only bound to pay for work, labor, material, etc., used in the construction of the work undertaken by Hankins Brothers, and plaintiff claiming that there was a balance due him was bound to establish his claim.

The contract of Hankins Brothers with the Parish of Natchitoches and the Louisiana Highway Commission while filed in evidence is not in the transcript, but we assume that counsel noted its absence and did not deem it to be a necessary part of the transcript, and it appearing that Hankins Brothers sublet the entire work to plaintiff, in the absence of any evidence to the contrary we assume that the labor, material and work claimed to have been furnished by plaintiff as shown for the items, use of teams, etc., aggregating one thousand ninety-five and 26-100 dollars, was for work, etc., included in the contract, and plaintiff having testified as to the correctness of the claim, and there not being any evidence to the contrary, the claim should be allowed, unless the evidence shows that such items were included in the work stated by the resident engineer to have been done under the contract as shown by the items on the account of six thousand eighty-seven and 40-100 dollars.

There is not any evidence in the record that such was the case and to so hold would not be warranted, and the only other item to which defendant objects is the credit of four hundred eleven and 28-100 dollars, which is not shown to have been for any work done by plaintiff but to have been an allowance given plaintiff by Hankins Brothers to keep him in good spirits, and clearly the surety company could not be held liable for any such credit, and striking that item from the account leaves a balance due the plaintiff of six hundred fifty-three and 32-100 dollars.

The judgment appealed from is therefore amended, and the amount awarded plaintiff reduced to six hundred fifty-three and 32-100 dollars, and as thus amended the judgment is affirmed.